IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 9, 2015

# STATE OF TENNESSEE v. ANTHONY HILL

**Direct Appeal from the Criminal Court for Shelby County**
**No. 90-09874, 90-15702      John W. Campbell, Judge**

**No. W2015-01594-CCA-R3-CD  -  Filed February 26, 2016**

In 1991, the Defendant, Anthony Hill, pleaded guilty to two counts of unlawful possession of more than 26 grams of cocaine with intent to sell, in case numbers 90-09874 and 90-15702, with agreed concurrent sentences of 7.2 years' incarceration for each of the two convictions. In 2014, the Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 seeking to correct an illegal sentence, and the trial court held a hearing on the motion. At the conclusion of the hearing, the trial court held the Defendant's sentences should have been ordered to run consecutively and thus were illegal. The trial court denied the Defendant's 36.1 motion, holding that his sentences had expired which rendered the issue moot. On appeal, the Defendant contends that the trial court erred because he should have been allowed to withdraw his guilty plea because his illegal sentence was a material component of his plea agreement. After a thorough review of the record and applicable authorities, and in accordance with the Tennessee Supreme Court's recent holding in *State v. Adrian R. Brown*, __ S.W.3d __, No. E2014-00673-SC-R11-CD, 2015 WL 7748275, at *7 (Tenn. Dec. 2, 2015), we affirm the trial court's judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ALAN E. GLENN, J., joined.

Stephen C. Bush, District Public Defender; Tony N. Brayton, Assistant District Public Defender, Memphis, Tennessee, for the appellant, Anthony Hill.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Amy P. Weirich, District Attorney General; Kirby May, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts and Procedural History**

This case arises from the Defendant's 1990 drugs arrests. In April 1990, law enforcement officers arrested the Defendant for selling 26.2 grams of cocaine to a police informant. The Defendant posted bond following his arrest, and a grand jury later indicted him in case number 90-09874 for two counts of unlawful possession of cocaine with intent to sell. In September 1990, law enforcement officers again arrested the Defendant for selling more than 26 grams of cocaine, and a grand jury later indicted him in case number 90-15702 for one count of sale of a controlled substance and two counts of unlawful possession of cocaine with intent to sell. By a negotiated plea agreement encompassing all the charges, the Defendant pleaded guilty in May 1991 to two counts of unlawful possession of more than 26 grams of cocaine with intent to sell in exchange for concurrent sentences of 7.2 years' incarceration for each conviction.

In October 2014, the Defendant filed a Motion to Correct Illegal Sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. In it, he alleged that his sentences were illegal because his arrest in case number 90-15702 occurred while he was released on bond in case number 90-09874, and thus, his concurrent sentences were in direct contravention to a statute requiring that the court order them to run consecutively. The State filed a response, conceding that the Defendant's motion presented a colorable claim and conceding that the trial court should have ordered that the Defendant's sentences run consecutively, thereby rendering his sentences illegal. The State further responded that this error "allowed [the Defendant] to serve less time in jail than the law required. Although filed under Rule 36.1, the [Defendant's] motion is effectively a writ of habeas corpus and should be treated as such. The [Defendant] is no longer in custody on these cases and therefore is not entitled to habeas corpus relief." The State went on to say that, in the event that the trial court found that the Defendant had satisfied the requirements of Rule 36.1, it should hold a hearing to determine whether the illegal sentence was a material component of the plea agreement.

The trial court held a hearing on the Defendant's motion, during which the indictments and associated plea agreements for case numbers 90-09874 and 90-15702 were entered as exhibits, as well as the transcript from the guilty plea hearing, the presentence report, and documents related to the Defendant's unrelated charges in federal district court.

The Defendant testified that officers arrested him on April 27, 1990, and that he posted bond in the amount of $5,000. Officers again arrested the Defendant on September 13, 1990, for which he also posted bond. The Defendant agreed that he pleaded guilty to charges relating to those arrests on May 7, 1991. At the guilty plea hearing, the Defendant's attorney told him that his sentences would run concurrently, and he testified that concurrent

2

sentencing was a main part of his plea agreement and a factor in his decision to plead guilty. The Defendant testified that he was currently serving a federal sentence imposed in 2009 and that the federal judge used his two prior convictions to enhance his federal sentence. The Defendant's counsel showed the Defendant the judgment sheets for case numbers 90-09874 and 90-15702, and he agreed that he had signed both judgments.

On cross-examination, the Defendant agreed that he received the benefit of a shorter sentence because of his plea agreement to concurrent sentences in case numbers 90-09874 and 90-15702. He agreed that he had already served and completed his sentences for the 1991 convictions and had since been arrested numerous times, including for a federal offense. The Defendant stated that he pleaded guilty to the federal offense. The Defendant agreed that he understood the plea agreement for his 1991 convictions and that he did benefit from receiving concurrent 7.2-year sentences.

Following the hearing, the trial court issued an order stating that it was clear from the evidence presented that the Defendant was released on bond in case number 90-09874 when officers arrested him in case number 90-15702. Therefore, the trial court noted, the trial court should have ordered that his sentences run consecutively. The trial court also noted that the Defendant's sentences in case numbers 90-09874 and 90-15702 had "long since expired," and thus, Rule 36.1 would not apply. The trial court held that the Defendant's argument was "moot" and not subject to correction pursuant to Rule 36.1. The trial court further found that "the fact that the [D]efendant is serving a federal sentence enhanced by these convictions does not create a cause of action on his expired sentences." The trial court denied the Defendant's motion. It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that he is entitled to relief because he served illegal sentences and that the issue is not moot as a result of the sentences having been served. He contends that the illegal sentences were a material component of his plea agreement and thus he should be given the opportunity to withdraw his guilty plea and have the original charges against him reinstated. In its brief filed October 15, 2015, the State concedes that the trial court incorrectly found that the Defendant's issue was moot and contends that the case should be remanded for consideration pursuant to Tennessee Rule of Criminal Procedure 36.1. We note that this Court is not bound by the State's concession, *State v. Hester*, 324 S.W.3d 1, 69 (Tenn. 2010), and we conclude that the Defendant has failed to state a claim for relief because his alleged illegal sentences have expired.

Tennessee Rule of Criminal Procedure 36.1 provides in pertinent part that:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Tenn. R. Crim. P. 36.1(a), (b) (2014). On its face, Rule 36.1 does not limit the time within which a person seeking relief must file a motion, nor does it require the person seeking relief to be restrained of liberty. The language contained within Rule 36.1 "at any time, even if the sentence has become final" has come under different interpretation as to when a claim can be brought pursuant to Rule 36.1. *See Kevin Daws v. State*, No. W2014-01002-CCA-R3-CO, 2015 WL 112787 (Tenn. Crim. App., at Jackson, Jan. 8, 2015) (holding the defendant, convicted in 1999, was not entitled to relief because he did not present a "colorable claim"), *no Tenn. R. App. P. 11 application filed*; *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App., at Jackson, Aug. 13, 2014) (reversing summary dismissal of Rule 36.1 motion for defendant who filed his motion in August 2013 and whose conviction was entered before July 1, 2013), *no Tenn. R. App. P. 11 application filed*; *see State v. Sean Blake*, No. W2014-00856-CCA-R3-CO, 2015 WL 112801, at *1 (Tenn. Crim. App., at Jackson, Jan. 8, 2015) (holding that, even though defendant's sentence had expired seven years before he filed his Rule 36.1 motion in 2014, he was still entitled to seek relief pursuant to that Rule if he stated a "colorable claim" for relief noting that the language of the rule stated that a defendant "may, at any time, seek the correction of an illegal sentence . . . ."), *no Tenn. R. App. P. 11 application filed*.

In the present case, we turn to a recent case authored by our Supreme Court and filed after the State submitted its brief, *State v. Adrian R. Brown*, __ S.W.3d __, No. E2014-00673-SC-R11-CD, 2015 WL 7748275, at *7 (Tenn. Dec. 2, 2015), which addressed "whether Rule 36.1 expands the scope of relief available . . . by permitting either the defendant or the State to correct expired illegal sentences." *Id.* at *7. Our Supreme Court held that "Rule 36.1 does not expand the scope of relief and does not authorize the correction of expired illegal sentences. Therefore, a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired."

In the case herein, the uncontroverted evidence presented at the hearing on the motion was that the Defendant's sentence had long since expired. In accordance with our Supreme Court's recent interpretation of Rule 36.1 in *Brown*, we conclude that the Defendant in this case is not entitled to relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's dismissal of the Defendant's Rule 36.1 motion to correct an illegal sentence.

_____
ROBERT W. WEDEMEYER, JUDGE